IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA C. VENOYA, SHIRLEY V. REMMERT, EVA D. Al-ZAGHARI, A.H.M., minor child,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAN MATEO COUNTY SUPERIOR COURT PRESIDING JUDGE ROBERT D. FOILES,<br><br>    Defendant.<br>                                        / | No. C 07-80064 WHA<br><br>**ORDER BARRING FILING OF PETITION FOR WRIT OF HABEAS CORPUS** |

      Petitioners have attempted to file this "habeas corpus" action against San Mateo County Superior Court Judge Robert D. Foiles. Petitioners Al-Zaghari and Remmert are subject to a pre-filing review order because of their numerous, repetitious, and meritless filings on previous occasions (Case No. C 01-2870 MHP Doc. No. 8; Case No. C 05-80241 MHP Doc. No. 3). In August 2001, Chief Judge Marilyn Patel of this district deemed plaintiff a vexatious litigant and ordered that she "not file in this or any other court any complaints, pleadings or other papers related to the matters raised in these actions." The earlier filings stemmed from other grievances against the County of San Mateo, the courts of San Mateo County, including in their capacity as juvenile and family courts, and others whom she believes have caused her problems with the County and its courts.

The petition for writ of habeas corpus in this action is a form petition with blank spaces allowing prisoners to fill in relevant information. The following answer is written in response to the question, "[f]or what crime were you given this sentence": "Eva Al-Zaghari's seven-year-old son, Ali H. Al Zaghari, has been denied contact with his mother and maternal family since birth by San Mateo County employees, local and foreign Muslims, and others. Eva Al-Zaghari is not a Muslim. As a divorced woman, she has kept her son's last name, until both she and her son may change their names." Other spaces were left blank, including those regarding the "[d]ate and terms of sentence" and with respect to the question "[a]re you now in custody serving this term."

Notwithstanding its incompleteness, the petition clearly deals with issues "related to" the matters for which petitioners were deemed vexatious by Judge Patel. The instant petition alleges various wrongs in connection with a child-custody dispute in 1998 and 1999. Judge Patel dismissed claims related to this child-custody dispute in May 2001 based on lack of jurisdiction and Eleventh Amendment sovereign immunity (Case No. C 01-298 MHP Doc. No. 14). Because this petition is substantially related to the claims in the action dismissed by Judge Patel, the Court declines to issue an order authorizing the filing of the instant petition.

Moreover, from the face of the petition it does not appear that any of petitioners are "in custody pursuant to the judgment of a State court." 28 U.S.C. 2254. Nor have petitioners alleged that they exhausted their remedies in the state courts, a prerequisite for filing a federal habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). Even if the petition were to be filed, the petition would have to be dismissed for these reasons.

For the foregoing reasons, the petition for writ of habeas corpus **SHALL NOT BE FILED**.

**IT IS SO ORDERED.**

Dated: March 5, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE